TENNEY v. ANDERSON WATER, LIGHT AND POWER CO.

Mechanic's Lien.—Counter-claim cannot be interposed by defendant in a proceeding under the statute to enforce a mechanic's lien.

Before Watts, J., Anderson, October, 1902. Modified.

Proceeding to enforce a mechanic's lien by Geo. A. Tenney against Anderson Water, Light and Power Co., State Trust Co., and Morton Trust Co. From Circuit order, plaintiff appeals.

*Messrs. Mordecai & Gadsden, Quattlebaum & Cothran* and *Bonham & Watkins,* for appellant, cite: Code, 1902, 3015, 3017, 3021, 3019; 20 S. C., 500; Code, 1902, 3008, 3012, 3014, 3015, 3028; 63 Fed. R., 726; 36 U. S. C. C. A., 627; 21 How., 572; 93 Ill., 455; 54 S. C., 400; 15 S. C., 561; 30 S. C., 167; 45 S. C., 111; 14 S. C., 35; 15 S. C., 476, 550; 20 S. C., 522; 17 S. C., 153; 30 S. C., 262; 22 S. C., 524; 19 S. C., 8; 14 How., 434.

*Messrs. Tribble & Prince, Haynesworth, Parker & Patterson,* contra.   *Mr. Tribble* cites: Code, 1902, 3008, 3012, 3014, 3015, 3017; Boiset on Mech. Liens, secs. 507, 511; 20 S. C., 500; 22 S. C., 534; Code, 1902, 3021; 19 S. C., 1; 2 Pet., 264; 7 S. C., 263; 54 S. C., 385; Code, sec. 171, subdiv. 1; 19 Ency. P. & P., 730; 30 S. C., 126; 13 Ency. P. & P., 997; 20 Ency., 2 ed., 455; 1 Ed., Smith (N. Y.), 691; 4 Hill, 193; 20 N. Y., 651; 34 St. R., 630; 2 Jones on Liens, 1599; 54 Ill., 460; 2 Bail., 295; 5 Strob., 115; 10 Rich., 318; Pom. on Rem., 817, 835; 11 S. C., 337; 1 Pom. Eq., sec. 183; 13 S. C., 87; 13 S. C., 433; 16 S. C., 143; 27 S. C., 239; 8 Rich. Eq., 46; 10 S. C., 476; 23 S. C., 145; 15 S. C., 548.

*Messrs. Haynesworth, Parker & Patterson,* cite: 13 Ency. P. & P., 127; 58 Fed. R., 708; Code, sec. 89; 22 S. C., 539; 15 Ency., 1 ed., 173; Philips on Mech. Liens, secs. 423, 426; 47 S. C., 324; Boiset on Mech. Liens, sec. 589; 58 Hun., 608; 14 How., 425; 20 Ency., 2 ed., 455; 13 Lea., 440.

July 7, 1903.   The opinion of the Court was delivered by

MR. JUSTICE GARY.   On the 9th day of May, 1902, the plaintiff caused a summons in the usual form and a "petition or complaint to enforce mechanic's lien" to be served on the defendant, Anderson Water, Light and Power Co.   The amount alleged to be due under the lien is $28,967.82.   The Anderson Water, Light and Power Co. answered, setting up several defenses; first, that the petitioner had failed and refused to comply with his contract; second, that the statement attached to the lien is fraudulent; and third, a counter-claim for damages alleged to have been sustained by the Anderson Water, Light and Power Co. by reason of the failure of the petitioner to construct the dam in a proper manner, amounting to $87,600.   The plaintiff replied to the counter-claim and denied its allegations.   Subsequently the plaintiff gave notice of a motion to strike out so much of the defendant's answer as set up a counter-claim on the following grounds,

to wit: "1st. Because the said counter-claim is frivolous, as appears on the face of the answer.    2d. Because a counter-claim cannot be interposed or set up in this proceeding.    3d. Because the Court had no jurisdiction in this proceeding to entertain, hear, determine or give judgment upon a counter-claim against the plaintiff."    Upon hearing the motion, his Honor, the Circuit Judge, ordered that said motion "be and is hereby refused, without prejudice to the right of the plaintiff to renew his motion to restrict or limit the extent of the recovery under said counter-claim to the amount claimed under the plaintiff's complaint herein, so as to extinguish the same, if he be so advised, without intimating any opinion on this latter point."    The plaintiff appealed from said order upon exceptions which practically present the question whether a counter-claim can be set up in a proceeding to enforce a mechanic's lien.    As the solution of this question is dependent upon the terms of the statute, we will quote such parts thereof as are material to the consideration of the question.    The sections correspond with those in the Code of Laws:

"Sec. 3008. Any person to whom a debt is due for labor performed or furnished, or for materials furnished and actnally used in the erection, alteration or repair of any building or structure upon any real estate by virtue of an agreement with or by consent of the owner of such building or structure, or any person having authority from or rightfully acting for such owner in procuring or furnishing such labor or materials, shall have a lien upon such building or structure and upon the interest of the owner thereof in the lot of land upon which the same is situated, to secure the payment of the debt so due to him, and the costs which may arise in enforcing such lien under this chapter except as is provided in the following sections."

"Sec. 3014. Unless a suit for enforcing the lien is commenced within six months after the person desiring to avail himself ceases to labor or furnish labor or material for such building or structure, the lien shall be dissolved.

"Sec. 3015. The lien may be enforced by petition to the Court of Common Pleas for the county where the building or structure is situated. The petition may be filed in term, or in the clerk's office in vacation, and the date of the filing shall be deemed the commencement of the suit."

"Sec. 3017. The petition may be served with the summons or filed with the clerk, and shall be returned and entered as other civil cases.

"Sec. 3018. The petition shall contain a brief statement of the contract on which it is founded and of the amount due thereon, with a description of the premises subject to the lien, and all other material facts and circumstances, and shall pray that the premises may be sold and the proceeds of the sale be applied to the discharge of the demand.

"Sec. 3019. The Court may at any time allow either party to amend his pleading as in other civil actions."

"Sec. 3021. The Court in which the petition is entered shall order notice to be given to the owner of the building or structure, that he may appear and answer thereto at a certain day in the same term or at the next term, by serving him with an attested copy of the petition with the order of the Court thereon, fourteen days at least before the time assigned for the hearing, and the Court shall also order notice of the filing of the petition to be given to all other creditors who have a lien of the same kind upon the same estate by serving them with a copy of the last mentioned order in the like manner."

"Sec. 3024. At the time assigned for the hearing, or within such further time as the Court allows for that purpose, every creditor having a lien of the kind before mentioned upon the same property may appear and prove his claim, and the owner and each of the creditors may contest the several claims of every other creditor, and the Court shall hear and determine them in a summary manner, either with or without jury, as the case may require."

"Sec. 3026. The Court shall ascertain and determine the amount due to each creditor who has a lien of the kind before mentioned upon the property in question; and every such

claim due absolutely and without any condition altogether not then payable, shall be allowed with a rebate of interest to the time when it would become payable."

"Sec. 3028. If the lien is established in favor of any of the creditors whose claims are presented, the Court shall order a sale of the property to be made by such officer as may be authorized by law to make sales of property."

"Sec. 3045. Nothing contained in this chapter shall be construed to prevent a creditor in such contract from maintaining an action thereon in like manner as if he had no such lien for the security of his debt."

Speaking in a general way of mechanic's liens and others, Mr. Pomeroy, in section 1269, vol. 3, of his philosophical work on Equity Jurisprudence, says: "Many of these liens are enforced by purely legal actions, and their effect resembles that produced by a legal attachment, enabling the lienor to retain or recover possession of the thing and to sell it at execution sale under the judgment. Others are enforced by special proceedings authorized and regulated by statute. These two classes have no equitable character and do not come within the scope of equity jurisprudence. In some of the States, however, these liens, especially those charged upon real estate as mechanic's liens, mining liens and the like, are enforced by ordinary equitable actions, resulting in a decree for a sale and distribution of the proceeds identical in all their features with suits for the foreclosure of mortgages by judicial sale. It is true, that these liens being created by statute, are *legal* in their essential nature rather than equitable; but, so far as they are enforced by equitable actions, they have added a peculiar element to the equity jurisprudence in several States."

In *Oliver* v. *Fowler*, 22 S. C., 534, the question arose as to the manner in which the suit mentioned in the statute should be commenced and conducted. After referring to certain sections, the Court uses this language: "While these sections do not undertake to set forth all the details of the proper practice, it is obvious that they provide two ways in which

the rights may be judicially established, intended, probably, to apply to different classes of cases. First, where the person who contracted the debt is the owner of the building, the mechanic having made his preliminary statement as required. may under sections 2357 and 2359, within six months bring action by serving summons and petition which may 'be returned and entered as other civil cases.' When the circumstances make this course proper, we do not understand that any special order from the Court is necessary to make the defendant (owner of the building) a party, but he may be regularly served with summons and petition as in other cases with summons and complaint. Or, second, he may simply file his petition in the clerk's office of the county with summons, but as a substitute therefor obtain an order from the Court, giving notice to the owner of the building that he may appear and answer." This language and that immediately thereafter following, conclusively show that the Court, in speaking of the "two ways in which the right may be judiciously established," had reference to the two methods provided by the *statute.* The question whether the party having the lien could institute an independent action under the Code was not decided in that case.

In *Murphy* v. *Valk,* 30 S. C., 262, 9 S. E., 101, the Court says: "The law as to the mechanic's lien is purely statutory, and, therefore, in that sense the rights given by it may be called legal; but the act which brought them into existence also provided certain machinery for enforcing them, which in general character partakes somewhat of the nature of equitable proceedings. The rule in such case is believed to be that in enforcing the rights so given, the special machinery provided for that purpose must be strictly followed;" citing *Kennedy* v. *Reames,* 15 S. C., 548; *Ex parte Lewis, Id.,* 156. The Court, in *Johnston* v. *Frazee,* had under consideration two questions: 1st. Whether, in the enforcement of a mechanic's lien under the statute, the owner of the property may be brought into Court by an order based upon the petition of the creditor or is a summons necessary? 2d.

Whether judgment may be given for the excess of the claim in the event that the property fails to pay the debt." In disposing of the first question, it used this language: "The argument of the appellant is that this proceeding is a civil action, and the mode of proceeding therein must be the same as in other civil actions under the Code, except that the statement of the cause of action is presented by petition instead of by complaint. Whether the proceeding is to be styled a civil action or a special proceeding, makes but little difference; whatever it may be, *it is governed by the act which provides it, and not by the Code. It is a statutory proceeding, intended to enforce a specific statutory right, and it is appropriate only where that right is in question. Its character, nature and mode of procedure, therefore, depend upon the act which affords it*" (italics ours). In considering the second question, the Court says: "We think there was error in so much of the judgment below as allowed the respondent to have execution for any deficiency that might exist after applying the proceeds of sale of the land. *The extent of the remedy afforded by the act is to enforce the lien upon the property covered.* There is no provision for judgment for the excess if any to be rendered, in the statutory proceeding provided" (italics ours).

From the foregoing we draw the following conclusions: 1. That while the plaintiff may maintain an action under the Code of Procedure on his contract, "in like manner as if he had no lien for the security of his debt," the statute affords the only remedy for the enforcement of the lien, and he cannot resort to an independent action, under the Code, for the foreclosure of such lien. 2. That the proceeding was brought under the statute. 3. That as this Court has decided that a plaintiff or petitioner cannot, under the statutory proceeding, recover a judgment *in personam* against the defendant, there is no good reason why a defendant should be allowed to allege a state of facts that would enable him to recover a judgment *in personam* against the plaintiff. This Court is not called upon to reverse the order of the Circuit

2—67

Court *in toto,* as it contains provisions from which there was no appeal, but only in so far as it refused to strike out the counter-claim.

It is the judgment of this Court, that the order of the Circuit Court be set aside in the particular herein mentioned.