9902

SMYTHE v. MONASH.

(95 S. E. 138.)

JUDGMENT—ENTRY BY CLERK—CONFORMITY TO JUDGMENT OF COURT.—
In a mechanic's lien foreclosure action, judgment of foreclosure
of the lien reciting "that the respondent is justly due to the plain-
tiffs, the sum of * * * dollars," did not authorize the clerk of
Court to enter a general judgment for a specified sum of money
against the defendant *in personam,* since there were no words
expressly authorizing the entry of such a judgment, and it was
necessary for the Court to ascertain and determine the amount due
by defendant under the mechanic's lien, and it would not have been
in accordance with the terms of the statute as to foreclosure of
mechanic's lien for the Court to decree that plaintiff was entitled to
a judgment *in personam* against defendant.

Before RICE and SMITH, JJ., Charleston, Spring term,
1917.   Affirmed.

Action by Augustine T. Smythe, as receiver for H. T.
Zacharias and C. J. Powers, doing business as Zacharias &
Powers, against I. M. Monash.   From an order setting
aside a judgment as entered by the clerk in so far as it
imposed a personal liability against defendant, plaintiff and
C. J. Powers appeal.

*Messrs. Nathans & Sinkler,* for plaintiff-appellant, cite:
*As to agreement by counsel:* 8 S. C. 208; 9 S. C. 282; 90 S.
C. 310.   *As to a Circuit Judge not having power to vacate
or modify decree made by another Circuit Judge:* 97 S. C.
458; 51 S. C. 25; 28 S. E. 2; 52 S. C. 175; 29 S. E. 629; 63
S. E. 419; 41 S. E. 504; 87 S. C. 127; 69 S. E. 85; 98 S. C.
184; 47 S. C. 31; 24 S. E. 989; 77 S. C. 85; 57 S. E. 616;
97 S. C. 457; 81 S. E. 158.

*Messrs. Logan & Grace,* for C. J. Powers, appellant, fur-
nish no citations.

*Messrs. Mordecai & Gadsden & Rutledge, Louis M.
Shimel* and *Isador A. Monash,* for respondent, submit: *The
order of his Honor, Judge Rice, did not reverse, modify or*

*change in any particular the decree made by his Honor, Judge Smith:* 14 S. C. 223; 32 S. C. 307; 83 S. C. 396; Code of Laws,, vol. I, sec. 3023; 30 S. C. 262; 9 S. E. 101; 20 S. C. 500; 67 S. C. 11.

February 8, 1918.

The opinion of the Court was delivered by MR. CHIEF JUSTICE GARY.

This is an appeal from an order setting aside a general judgment for a specified sum of money against the defendant *in personam,* on the ground that the judgment of foreclosure of the mechanic's lien herein did not authorize the clerk of the Court to enter such a judgment.

The following is the form of the judgment that was set aside by his Honor, the Circuit Judge:

"This action having been brought to trial by the Court, and a decision having been rendered for the plaintiff, and filed, * * * it is adjudged that A. T. Smythe, as receiver, * * * recover of said I. M. Monash, defendant, $12,838.11, so found. * * * "

The judgment in the action for the foreclosure of the mechanic's lien was as follows:

"It is ordered, adjudged and decreed that the report of the master be, and the same is hereby, confirmed, and made the judgment of this Court. * * * It is further ordered, adjudged and decreed that the respondent be allowed as a set-off and deduction from the sum demanded by the plaintiff, the sum of $1,500, and that the respondent is justly due to the plaintiffs the sum of $10,616.75. * * * It is further ordered, adjudged and decreed that the master do sell the property described in the complaint, after the usual advertisement at public outcry * * * for cash or part cash, as he deems the interest of all parties will be best subserved. * * * It is further ordered, adjudged and decreed that either party to this cause shall have the right to apply at the foot of this decree to any Judge at chambers, or in open

Court, on four days' notice to the other parties, for such further orders as may be necessary to effect the sale of the property to the best advantage."

The master, in his report, which was confirmed, recommended:

"(1) That the petitioners have judgment for $10,616.75, with legal interest. * * *

"(2) That should the respondent fail to make settlement with the petitioners within the time fixed by the Court, the master be authorized to sell the premises above described by public auction, upon terms to be fixed by the Court."

On the 14th of March, 1916, and prior to the entry of judgment by the clerk of Court, the attorneys of the respective parties to this action entered into an agreement which, among others, contained the following stipulations:

"(1) That the notice of intention to appeal heretofore filed and served be, and the same is hereby, withdrawn and abandoned.

"(2) That judgment shall be entered in this cause, in favor of the plaintiff-petitioner, against the defendant-respondent, in accordance with the recommendations made by the master herein, and as confirmed and provided for in the decree of this Court herein, and on file in this Court."

This appeal is not intended to alter or effect the judgment of foreclosure of the mechanic's lien in any respect whatever, but merely to determine whether the judgment entered by the clerk of Court was in conformity with the judgment of foreclosure.

The words in the judgment of foreclosure, "that the respondent is justly due to the plaintiffs, the sum of * * * dollars," do not authorize the entry of a judgment *in personam,* for several reasons, to wit: There are no words expressly authorizing the entry of such a judgment; it was necessary for the Court to ascertain and determine the

amount due under the mechanic's lien, by the defendant (*Metz v. Critcher,* 83 S. C. 396, 65 S. E. 394) ; it would not have been in accordance with the terms of the statute providing for the foreclosure of a mechanic's lien for the Court to decree that the plaintiff was entitled to a judgment *in personam* against the defendant (*Tenney v. Water Power Co.,* 67 S. C. 11, 45 S. E. 111; *Metz v. Critcher,* 83 S. C. 396, 65 S. E. 394).

The recommendation of the master was that the petitioner have judgment for the sum therein mentioned, but the judgment of foreclosure simply provides that the respondent is justly due the plaintiffs the sum therein mentioned. Evidently, both the master and Circuit Judge intended to comply with the provisions of the statute, which require the Court to ascertain and determine the amount due under the mechanic's lien, but which do not authorize a judgment *in personam.*

Affirmed.

MESSRS. JUSTICES HYDRICK and FRASER concur.

MR. JUSTICE WATTS, *dissenting.* I cannot concur in the opinion of the Chief Justice. While it is true that Judge Smith was in error in the first instance in making the decree he did, and, as pointed out by the Chief Justice, the character, nature, and extent of the judgment he was authorized to grant, still when he granted the judgment he did the defendant-respondent's remedy was by appeal for the purpose of having the judgment corrected. This he attempted to do by giving notice of intention to appeal which later was withdrawn, and his attorneys entered into an agreement for the entry of judgment as decreed by the Court in the order made confirming the report of master. The agreement was for the entry of judgment made by his Honor, Judge Smith.

An entry of judgment, as provided for under the law as to mechanic's lien, does not deprive the party of his right to a separate suit for damages if the property does not pay his

debt by sale. If at the sale he is not paid in full, he still can sue for the difference. All of the parties being before the Court in an equity proceeding, the Court had the right to enlarge the proceeding by consent of the parties, and grant such relief in the premises as would finally dispose of every issue in the case or could arise in any manner out of it then or subsequently, in order that every legal issue might be fully and finally determined.

The agreement of the attorneys did this, and the parties are bound by what the attorneys did and cannot set aside or avoid what was done by their attorneys in the absence of fraud or mistake. The attorneys of the defendant on record solemnly agreed to settle and adjust all issues and subject matter of the suit, and he cannot repudiate the agreement entered into. *Jones & Parker v. Webb,* 8 S. C. 207; *Rice v. Mahaffey,* 9 S. C. 282; *Beck v. Railroad,* 99 S. C. 310, 83 S. E. 335; *Poore v. Poore,* 105 S. C. 212, 89 S. E. 569. The defendant's attorneys withdrew their appeal from the decree of Judge Smith and consented that judgment be entered thereon, and Judge Smith's decree became the judgment and the law of the case and was entered in accordance with a solemn agreement and fixed stipulation made by the attorneys of record in the case without any mistake or fraud on the part of any of them, and his Honor, Judge Rice, was without power or authority to vacate, modify or in any manner change the decree made by another Circuit Judge.

For these reasons I think the appeal should be sustained and judgment reversed.

Mr. Justice Gage concurs.