### 20474

ARNET LEWIS CONSTRUCTION COMPANY, INC., Respondent, v. SMITH-WILLIAMS & ASSOCIATES, INC., et al., Defendants, of which Smith-Williams & Associates, Inc., et al., are Appellants.

(236 S. E. (2d) 742)

*Bellamy, Rutenberg, Copeland, Epps, Gravely and Bowers,* of Myrtle Beach, *for Appellants,*

*Eugene L. Brantley,* of Columbia, and *Allen L. Ray,* of Conway, *for Respondent,*

August 1, 1977.

RHODES, Justice:

This appeal challenges the correctness of the circuit judge's entry of default judgment against the appellants. The grounds asserted for the allegation of error are (1) that the respondent granted the appellants an extension of time for answering, and (2) that the respondent is not entitled to recover a personal judgment because the respondent by consent permitted the dismissal of a mechanic's lien which it had sought to foreclose under its amended complaint. For the resaons set forth herein, we affirm the judgment appealed from.

The respondent, Arnet Lewis Construction Company, Inc., commenced this action by personal service and filing of summons and complaint dated February 11, 1976. On March 10, 1976, the respondent personally served and filed an amended complaint.

Prior to the service of summons, the respondent's attorney conversed by telephone with a Mr. John G. Mitchell, who was employed as in-house counsel for one of the appellants, Smith-Williams and Associates, Inc. Following this conversation, the respondent's counsel mailed to Mitchell a letter dated February 11, 1976, the contents of which are examined in detail below. Between February 11 and April 15, 1976, there was no communication of any nature between the respondent or its attorney and any of the appellants or their attorneys.

On April 15, 1976, another telephone conversation took place between Mitchell and the respondent's counsel. Mitchell stated that he planned to serve answers for the various appellants on that day. The attorney for the respondent informed Mitchell that the respondent considered the appellants to be in default for having failed to answer the amended complaint within the statutory time. Counsel further informed Mitchell that any proposed answers would not be accepted. The appellants mailed their answers on April 15, but the respondent's counsel refused to accept them. However, the answers were filed with the court.

Thereafter, the respondent moved for an order setting aside the answers and granting judgment by default. On June 10, 1976, the circuit judge signed an Order of Dismissal as to certain parties-defendant with the consent of the respondent. Under the terms of this order, the respondent agreed to release its security interest in the real estate upon which mechanic's lien rights were calimed. The order dismissed the mechanic's lien entirely "as if finally satisfied." However, the respondent reserved, and was granted, the right to pursue its cause of action based on breach of contract for the recovery of a money judgment against the parties-defendant who are the present appellants in this action.

On July 23, 1976, the court, after having previously heard arguments, issued its order granting default judgment

to respondent and setting aside the appellants' answers. The appellants then timely served Notice of Intention to Appeal.

QUESTION I. *Did the respondent's attorney, by the language used in his letter of February 11, 1976, consent to an extension of time to the appellants for answering or filing other responsive pleadings?*

With respect to the appellants' argument, we find the relevant portion of the letter to be the following:

"This letter shall confirm our telephone conversation of February 10, 1976 wherein I informed you that our clients are certainly willing to work with your clients and with the lending institution in an attempt to work out the problems relative to the money owing to Arnet Lewis Construction Company, Inc. Before I get into the proposal that I will make, I would like to inform you that we are going to perfect our Mechanic's Lien by serving and filing pleadings thereon immediately. This should not be construed as action on our part not in conformity with this letter relative to negotiating now on the problem, but the time factors involved and the Statutes of South Carolina require that we perfect our Mechanic's Lien in a very short period of time or we will lose our Mechanic's Lien rights. Although the action will be properly commenced and perfected, we will take *no action to require a hearing or court appearance* on the matter by any other persons involved *so long as active negotiations appear to be viable.*" (emphasis added)

The appellants emphasize the last sentence above-quoted as supportive of their contention.

We find that the contents of the letter do not support the appellants' position. No portion of the letter, considered either in context or in isolation, can be deemed an intention on the part of the respondent to grant an extension of time to answer or to file other responsive pleadings. Essentially, the letter was an offer to negotiate and work toward a settlement regarding the payment of

money alleged to be owed to the respondent. The respondent stated in the letter that it had to commence suit to protect its legal rights and that no *hearings or court appearances* would be sought so long as negotiations remained viable.

Between March 10, 1976 (the date upon which the respondent served and filed the amended complaint) and April 15, 1976, the statutory period for answering lapsed. In view of this fact and the others recited above, the circuit judge was not in error in ruling that the appellants were in default. Accordingly, we overrule the appellant's exceptions with respect to this question.

QUESTION II. *Is the respondent entitled to a default judgment under the pleadings of this action, or must a new action be commenced based upon contract and not upon the statutory proceedings for the foreclosure of a mechanic's lien?*

Basically, the appellants' argument is that the respondent in this case brought an action under the statutory proceedings for the foreclosure of a mechanic's lien and because the respondent did so, it is not entitled to recover a judgment in personam based upon a contract cause of action.

As support for this argument, the appellants rely on *Tenny v. Anderson Water, Light and Power Co.,* 67 S. C. 11, 45 S. E. 111 (1903). There this Court dealt with a proceeding strictly to enforce a mechanic's lien by the petitioner, or plaintiff. However, the defendant in that case counterclaimed and sought to recover a judgment in personam against the plaintiff. The Court held that since a plaintiff could not, under the statutory scheme to enforce a mechanic's lien, recover a judgment in personam against a defendant, there was no valid reason why the defendant should be allowed to allege a state of facts that would enable him to recover a judgment in personam against the plaintiff. This Court in *Tenny* reversed the lower court's refusal to grant

the plaintiff's motion to strike the defendant's counterclaim from the answer.[1]

Some twenty-six years later, however, this Court distinguished *Tenny* in a manner that is applicable to the case at bar. In *Atlantic Coast Lumber Corporation v. Morrison*, 152 S. C. 305, 149 S. E. 243 (1929), the plaintiff instituted its proceeding styled as a "petition to foreclose a mechanic's lien". The petition contained allegations to the following effect: (a) the defendants contracted with one Powers to enlarge and improve a school building for the school district of which the defendants were the trustees; (b) a description of the premises upon which the building was located; (c) ownership of the premises by the defendants; and (d) a filing within the required time and at the correct place of a proper statement of the plaintiff's claim for a mechanic's lien.

In addition, the petition set up certain other matters, to-wit: that Powers, with the knowledge and consent of the defendants and at their instance and request, purchased certain lumber from the plaintiff and became indebted to the plaintiff for the lumber which was sold and delivered and to be used in constructing the addition to the school building; that the lumber was sold and delivered to Powers with the knowledge and consent, and at the instance and request, of the defendants; that the said Powers had failed to pay the plaintiff any part of the purchase price which was due and owing from the defendants. The plaintiff demanded judgment against the defendants for the amount of its alleged claim and asked that the same be adjudged a lien on the premises described and that the premises be sold and the proceeds of the sale be applied to the plaintiff's claim. The defendants demurred to the petition but the demurrer was overruled.

---

[1] Support for the Court's holding and the result reached in the *Tenny* *case* may be found in the following decisions: *Metz v. Critcher*, **83** S. C. 396, 65 S. E. 394 (1909); *Smythe v. Monash*, 109 S. C. 82, **95** S. E. 138 (1918); *Turbeville v. Gordon*, 236 S. C. 57, 113 S. E. (2d) **68** (1960).

On appeal, this Court concurred in the defendants' contention that there can be no mechanic's lien on a public school building and held that the plaintiff had no lien in the action. The Court acknowledged awareness of the holding of *Tenny v. Anderson Water, Light and Power Co., supra,* but reasoned that since the plaintiff had no lien on the school building, the proceeding to enforce such alleged lien had necessarily fallen through and the statutes with respect to the enforcement of mechanic's liens were inapplicable to the relief, if any, to which the plaintiff was entitled.

Disregarding as surplus matter all allegations pointing directly to the mechanic's lien, the Court found left in the plaintiff's pleading factual allegations to the effect that the plaintiff had furnished material with which to enlarge and improve the schoolhouse owned by the defendants and for which the plaintiff has not received payment. The Court concluded that these allegations were appropriate to a suit at law for the recovery of money. It found that the petition conformed to the statutory requirements for a complaint in a civil action and that it alleged facts sufficient to constitute a cause of action in personam. Upon this basis the Court held that the plaintiff's action could be allowed to proceed as an action in personam. Thus, the *Tenny* case, which involved a strict proceeding to enforce a mechanic's lien and nothing more, is upon its facts distinguishable from the *Atlantic Coast Lumber* case.

The situation in the case at bar is analogous to that in *Atlantic Coast Lumber Corporation v. Morrison.* Here, the respondent had no mechanic's lien to enforce once it voluntarily released its security interest in the subject property and consented to the lower court's dismissal of the mechanic's lien. We can, therefore, disregard the respondent's allegations with respect to the mechanic's lien as mere surplusage. The questions which remain to be decided are two-fold: (1) whether it is possible to allow the respondent's action to proceed as an action in personam even though there is no

mechanic's lien to enforce; and (2) whether the amended complaint in this action states facts sufficient to constitute a contract cause of action in personam.

In answering these questions, we note the following allegations which are contained in the respondent's pleading: (a) that the appellant, Smith-Williams and Associates, Inc., entered into a contract with the respondent whereby the respondent agreed to furnish the necessary materials, labor and services for the construction of condominium units for a project known as "Deerfield" located at Surfside, South Carolina; (b) that the respondent has furnished the materials, labor and services pursuant to its contractual agreement and has completely performed all of its obligations under the contract; (c) that the appellant, Coastal Investment Properties, and the named individual appellants (as general partners thereof) accepted the benefits of the construction contract and assumed the responsibilities therefor by virtue of a conveyance from Smith-Williams and Associates to Coastal Investment Properties of the subject real estate; (d) that the respondent has not been paid the amount of $253,-101.99 which is due and owing from all of the appellants under the construction contract and for which the respondent has demanded payment; (e) that the failure of the appellants to pay constitutes a breach of said contract; and (f) that the respondent seeks payment of its contract balance in the sum of $253,101.99, together with interest and the payment of attorney's fees.

Clearly the respondent was seeking and demanded payment of the money alleged to be due and owing under the construction contract. The respondent's amended complaint thus complied with the requirements of S. C. Code § 15-13-220 (1976). We hold, under the authority and rationale of *Atlantic Coast Lumber Corporation v. Morrison, supra,* that the amended complaint in the case at bar alleged facts sufficient to constitute a cause of action in personam and was maintainable even though it also contained allegations seeking foreclosure of a mechanic's lien.

The judgment is affirmed and the case is remanded for disposition consistent with this opinion.

Affirmed.

LEWIS, C. J., and LITTLEJOHN, NESS and GREGORY, JJ., concur.