648 S.E.2d 598

**COHEN'S DRYWALL CO. INC., Appellant,**

v.

**SEA SPRAY HOMES, LLC, Robin C. Wahler, Susan C. Wahler, and Plantation Federal Bank, Respondents.**

**No. 26360.**

Supreme Court of South Carolina.

Heard June 5, 2007.

Decided July 23, 2007.

196

Steven L. Smith, of Smith & Koontz, of Charleston, for Appellant.

Joe M. Crosby, of Crosby Law Firm, of Georgetown, for Respondents.

Chief Justice TOAL.

This appeal arises out of the trial court's dismissal of an action to enforce a mechanics' lien on the basis that the action was not timely filed. We reverse.

### FACTUAL / PROCEDURAL BACKGROUND

Appellant Cohen's Drywall Co., Inc. ("Appellant") performed work on and provided materials for the construction of a residence owned by Respondents Robin C. Wahler and Susan Wahler ("Respondents"). In April 2004, after completing work on the residence, Appellant properly filed a mechanics' lien against the Respondents' property. Shortly after Appellant filed the mechanics' lien, Respondents posted a cash bond to release the property from the mechanics' lien with the Georgetown County Clerk of Court and recorded the release of the lien with the Georgetown County Register of Deeds Office.

Approximately four months after Respondents posted the cash bond to release the real property from the lien, Appellant brought an action to enforce the mechanics' lien. Appellant named the real property as the subject of the enforcement action, and Appellant commenced the initial action within the six-month time limit provided in S.C.Code Ann. § 29–5–120 (2005). Subsequent to the initial filing, Appellant discovered that Respondents had posted a cash bond to release the real property from the lien. Appellant then amended the averments of its complaint to identify the bond as the subject of the enforcement action. This amendment occurred after the expiration of the time limit for bringing an action to enforce the mechanics' lien.

Respondents filed a motion to dismiss the enforcement action and a motion to release the bond alleging that Appellant failed to bring the action to foreclose the mechanics' lien against the bond within the six-month time limit. The trial court granted Respondents' motion to dismiss and released the bond from the lien. This appeal followed and this Court certified the case from the court of appeals pursuant to Rule 204(b), SCACR. Appellant raises the following issue for this Court's review:

Did the trial court err in granting Respondents' motion to dismiss the enforcement action and motion to release the cash bond from the mechanics' lien?

## STANDARD OF REVIEW

The foreclosure of a mechanics' lien is an action at law. *Butler Contracting, Inc. v. Court Street, LLC,* 369 S.C. 121, 127, 631 S.E.2d 252, 256 (2006). In an action at law, tried without a jury, an appellate court will not disturb the trial court's findings of fact unless they are wholly unsupported by the evidence or unless it clearly appears the findings are controlled by an error of law. *Id.* (citing *Townes Assocs. Ltd. v. City of Greenville,* 266 S.C. 81, 86, 221 S.E.2d 773, 775 (1976)).

## LAW / ANALYSIS

Appellant argues that the trial court erred in granting Respondents' motion to dismiss the enforcement action and motion to release the cash bond which secured the mechanics' lien. Specifically, Appellant alleges that the trial court erred in interpreting the relevant statutes to require Appellant to commence a separate action against the cash bond to enforce its mechanics' lien. Instead, Appellant argues its original enforcement action naming the Respondents' real property as the subject of the action is sufficient to secure foreclosure on the bond. We agree.

The procedures for the establishment and enforcement of a mechanics' lien are provided by statute. *See* S.C.Code Ann. §§ 29–5–10 *et seq.* (2005). The Code provides:

Unless a suit for enforcing the lien is commenced, and notice of pendency of the action is filed, within six months

after the person desiring to avail himself thereof ceases to labor on or furnish labor or material for such building or structures, the lien shall be dissolved.

S.C.Code Ann. § 29–5–120.

■ Generally, a mechanics' lien is enforced against the real property upon which the services were performed or materials provided. *See* S.C.Code Ann. §§ 29–5–10 to –21. However, the Code provides that the property may be released from a mechanics' lien under certain circumstances. S.C.Code Ann. § 29–5–110.

At any time after service and filing of the statement required under § 29–5–90 the owner or any other person having an interest in or lien upon the property involved may secure the discharge of such property from such lien by filing in the office of clerk of court or register of deeds where such lien is filed his written undertaking, in an amount equal to one and one-third times the amount claimed in such statement, secured by the pledge of United States or State of South Carolina securities, by cash or by a surety bond executed by a surety company licensed to do business in this State, and upon the filing of such undertaking so secured the lien shall be discharged and the cash, securities or surety bond deposited shall take the place of the property upon which the lien existed and shall be subject to the lien.... Unless suit for enforcement of the lien is commenced as required by § 29–5–120, the undertaking herein required shall be null and void and the principal therein shall have the right to have it canceled and such cash or securities deposited or pledged or surety bond filed shall be released from the lien herein provided.

*Id.*

■ As the statute provides, compliance with any number of bond procedures allows a property owner to release his property from the mechanics' lien. *See also Shelley Constr. Co. v. Sea Garden Homes, Inc.,* 287 S.C. 24, 27, 336 S.E.2d 488, 490 (Ct.App.1985). This allows "the owner to convey or encumber the property free and clear of the mechanics' lien." *Id.*

■ All of the statutory requirements for the enforcement of a mechanics' lien must be strictly followed. Butler Con-

tracting, Inc., 369 S.C. at 130, 631 S.E.2d at 257. The failure to adhere to the requirements of the statutes will result in the dissolution of the lien, although such failure does not preclude an action on the debt. *Shelley Constr. Co.,* 287 S.C. at 27, 336 S.E.2d at 490.

Turning to our analysis of the question presented in this case, in order to be properly filed, the relevant statutes require only that a suit for enforcement of the mechanics' lien be commenced within six months of the last provision of services or materials for the construction of the building. Tellingly, neither statute requires a lien holder to name a substituted cash bond or other undertaking as the subject of the enforcement action. *See Hitachi Data Sys. Corp. v. Leatherman,* 309 S.C. 174, 178, 420 S.E.2d 843, 846 (1992) (noting that in construing a statute, its words must be given their plain and ordinary meaning without resort to subtle or forced construction to limit or expand the statute's operation). In the absence of such a requirement, we interpret § 29-5-110 as an instructional mechanism to the court directing that a judgment on a foreclosed mechanics' lien be executed against a cash bond or other secured undertaking if one has been substituted in accordance with the statutory requirements. To reach a contrary interpretation would impose a continuing record-checking obligation on the holder of the mechanics' lien that the statutes do not contemplate.

In the instant case, Appellant commenced the enforcement action well before the expiration of the statutory time limit. We find that the statutes do not require the Appellant to bring the enforcement action against the cash bond. Therefore, Appellant's amendment of the complaint was unnecessary and Appellant timely commenced the action to enforce the mechanics' lien.

Accordingly, we hold that the trial court erred in granting Respondents' motion to dismiss Appellant's enforcement action and motion to release the cash bond.

## CONCLUSION

For the foregoing reasons, we reverse the trial court's decision. We direct that the cash bond be reposted, and we

remand the case for further proceedings consistent with this opinion.

MOORE, WALLER, BURNETT and PLEICONES, JJ., concur.