**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

V.N.S. Corporation d/b/a Choo Choo Build-it Mart,
Respondent,

v.

William Brandon Twitty a/k/a Brandon Twitty, Kendra Mcilvee Twitty, South Carolina Bank & Trust, N.A., and Mortgage Electronic Registration Systems, Inc., as Nominee for Homecomings Financial Network, Inc.,
Defendants,

Of whom Brandon Twitty and Kendra Mcilvee Twitty are the Appellants.

Appellate Case No. 2012-205512

Appeal From Jasper County
Luke N. Brown, Jr., Special Referee

Unpublished Opinion No. 2013-UP-012
Heard December 12, 2012 – Filed January 9, 2013

**AFFIRMED**

Darrell T. Johnson, Jr., and Warren Paul Johnson, of Law Office of Darrell Thomas Johnson, Jr., LLC, of Hardeeville, for Appellants.

Ehrick K. Haight, Jr., of Minor Haight & Arundell, P.C., of Hilton Head Island, for Respondent.

---

**PER CURIAM:** This appeal arises from a lawsuit by Respondent V.N.S. Corporation d/b/a Choo Choo Build-it Mart (VNS Corporation) against Brandon Twitty and Kendra Twitty (collectively the Twittys) for breach of contract, mechanic's lien foreclosure, and quantum meruit. The Twittys counterclaimed against VNS Corporation for breach of contract. On appeal, the Twittys argue the special referee erred by: (1) finding VNS Corporation properly delivered the materials; (2) awarding damages, interest, and attorney's fees to VNS Corporation; and (3) granting in personam relief against Kendra Twitty under the mechanic's lien statute. We affirm.

1. As to the Twittys' claim that the special referee erred by finding VNS Corporation properly delivered the materials, and, therefore, did not breach the contract, we disagree. *See McCall v. IKON*, 380 S.C. 649, 658, 670 S.E.2d 695, 700 (Ct. App. 2008) ("An action for breach of contract seeking money damages is an action at law."); *Townes Assocs., Ltd. v. City of Greenville*, 266 S.C. 81, 86, 221 S.E.2d 773, 775 (1976) ("In an action at law, on appeal of a case tried without a jury, the findings of fact of the judge will not be disturbed upon appeal unless found to be without evidence which reasonably supports the judge's findings."); *Branche Builders, Inc. v. Coggins*, 386 S.C. 43, 48, 686 S.E.2d 200, 202 (Ct. App. 2009) ("The elements for breach of contract are the existence of the contract, its breach, and the damages caused by such breach."); *Ecclesiastes Prod. Ministries v. Outparcel Assocs., LLC*, 374 S.C. 483, 500, 649 S.E.2d 494, 503 (Ct. App. 2007) ("Whether a contract's language is ambiguous is a question of law."); *Jordan v. Sec. Grp., Inc.*, 311 S.C. 227, 230, 428 S.E.2d 705, 707 (1993) (noting that if a contract's language is plain, unambiguous, and capable of only one reasonable interpretation, no construction is required and its language determines the instrument's force and effect). Here, Brandon Twitty signed a door order form that listed a 3080 Pinnacle Series Aluminum Clad door. Brandon Twitty testified that he believed the 3080 Pinnacle Series Aluminum Clad door would be exactly three feet wide. However, witnesses for VNS Corporation and the Twittys testified that the actual dimensions of a "3080" door vary depending on the type of material of the door as well as the manufacturer of the door. VNS Corporation delivered the 3080 Pinnacle Series Aluminum Clad door Brandon Twitty ordered. Brandon Twitty did not attempt to return the door during the five-day return time period provided on all VNS Corporation invoices and, instead, installed the door.

Brandon Twitty made no further payments on his account with VNS Corporation. Based on the foregoing, we affirm because there is evidence in the record that Brandon Twitty, not VNS Corporation, breached the contract.

2.  As to the Twittys' claim that the special referee erred by awarding damages, interest, and attorney's fees associated with the breach of contract claim, we disagree.  *See McCall*, 380 S.C. at 658, 670 S.E.2d at 700 ("An action for breach of contract seeking money damages is an action at law."); *Townes Assocs., Ltd.*, 266 S.C. at 86, 221 S.E.2d at 775 ("In an action at law, on appeal of a case tried without a jury, the findings of fact of the judge will not be disturbed upon appeal unless found to be without evidence which reasonably supports the judge's findings."); *Fuller v. E. Fire & Cas. Ins. Co.*, 240 S.C. 75, 89, 124 S.E.2d 602, 610 (1962) ("The general rule is that for a breach of contract the defendant is liable for whatever damages follow as a natural consequence and a proximate result of such breach.").  Here, VNS Corporation's credit application, signed by Brandon Twitty, included the terms of payment and language indicating that if the account was not paid in full by the tenth of the month, a finance charge of 1.5% would apply.  The application also provided that Brandon Twitty would be liable for all reasonable attorney's fees should any litigation be incurred for nonpayment of the account.  As discussed above, we affirm the special referee's finding that Brandon Twitty breached the contract; therefore, we also affirm the special referee's award of damages, interest, and attorney's fees pursuant to the contract.

3.  As to the Twittys' claim that the special referee erred by granting in personam relief against Kendra Twitty under the mechanic's lien statute, we disagree.  *See Townes Assocs., Ltd.*, 266 S.C. at 86, 221 S.E.2d at 775 ("In an action at law, on appeal of a case tried without a jury, the findings of fact of the judge will not be disturbed upon appeal unless found to be without evidence which reasonably supports the judge's findings."); S.C. Code Ann. § 29-5-10(a) (2007) ("A person to whom a debt is due for labor performed or furnished or for materials furnished and actually used in the erection, alteration, or repair of a building or structure upon real estate or the boring and equipping of wells, by virtue of an agreement with, or by consent of, the owner of the building or structure, or a person having authority from, or rightfully acting for, the owner in procuring or furnishing the labor or materials shall have a lien upon the building or structure and upon the interest of the owner of the building or structure in the lot of land upon which it is situated to secure the payment of the debt due to him.  The costs which may arise in enforcing or defending against the lien under this chapter, including a reasonable attorney's fee, may be recovered by the prevailing party.  The fee must be determined by the

court in which the action is brought but the fee and the court costs may not exceed the amount of the lien."); *Smythe v. Monash*, 109 S.C. 82, 95 S.E. 138, 139 (1918) (finding that "it would not have been in accordance with the terms of the statute providing for the foreclosure of a mechanic's lien for the court to decree that the plaintiff was entitled to a judgment in personam against the defendant").  Here, the Twittys claim that the special referee looked to the title of the property for jurisdiction over Kendra Twitty, but then looked to the contract to award interest.  However, the statement of account filed with the mechanic's lien listed a total of $17,511.80 and specifically referenced the "additional finance charges at the rate of 18% per annum since 2/25/09."  Section 29-5-10(a) does not prevent interest charges on a mechanic's lien.  Nothing in the record indicates the trial court granted in personam relief against Kendra Twitty under the mechanic's lien judgment.  For the foregoing reasons, we affirm.

**AFFIRMED.**

**FEW, C.J., and WILLIAMS and PIEPER, JJ., concur.**