765 S.E.2d 1

**MOORHEAD CONSTRUCTION, INC., Craft Construction Company, Inc., and Miller Construction Company, LLC, Respondents,**

v.

**ENTERPRISE BANK OF SOUTH CAROLINA, Pendleton Station, LLC, and Angelo Penza, Defendants,**

**Of whom Enterprise Bank of South Carolina is the, Appellant.**

Appellate Case No. 2012–213318.

No. 5219.

Court of Appeals of South Carolina.

Heard April 11, 2014.
Decided April 16, 2014.
Withdrawn, Substituted and Refiled Oct. 22, 2014.

---

Thomas Elihue Dudley, III and M. Stokely Holder, Kenison, Dudley & Crawford, LLC, both of Greenville, for Appellant.

David James Brousseau, McIntosh, Sherard, Sullivan & Brousseau, of Anderson, for Respondents.

FEW, C.J.

The respondents—Moorhead Construction, Inc., Miller Construction Company, LLC, and Craft Construction Company, Inc.—sought foreclosure of their mechanic's liens against Enterprise Bank of South Carolina, and the master awarded them money judgments. Enterprise Bank appeals, arguing the master had no legal basis for entering money judgments against it. We vacate the judgments and remand for foreclosure proceedings.

Pendleton Station, LLC ("PSL") hired Moorhead to be the general contractor for a development project involving two

tracts of land owned by PSL—the "2–Acre Tract" and "Tract A"—and another tract owned by an individual investor—"Tract B." Moorhead subcontracted with Miller and Craft to perform work on the project. Enterprise Bank served as the construction lender for the project.

Two years into the project, PSL stopped paying Moorhead and its subcontractors and defaulted under the loan agreements with Enterprise Bank. PSL executed a deed-in-lieu of foreclosure to Enterprise Bank that conveyed title to Tract A, and Enterprise Bank subsequently obtained title to the 2–Acre Tract and Tract B. The respondents each filed mechanic's liens on all three tracts. They then brought suit for breach of contract against PSL and foreclosure against Enterprise Bank. The master did not rule on the claims against PSL but entered money judgments against Enterprise Bank.

 We hold the master had no authority to enter money judgments in the respondents' foreclosure actions against Enterprise Bank. The procedures for enforcing a mechanic's lien are provided by statute, *see* S.C.Code Ann. §§ 29–5–10 to –440 (2007 & Supp.2013), and "must be strictly followed." *Cohen's Drywall Co. v. Sea Spray Homes, LLC,* 374 S.C. 195, 199, 648 S.E.2d 598, 600 (2007). A court cannot depart from the plain language of the statute when enforcing a mechanic's lien. *See Zepsa Constr., Inc v. Randazzo,* 357 S.C. 32, 38, 591 S.E.2d 29, 32 (Ct.App.2004) (holding a party was "limited to recovery provided for by the strict terms of the mechanic's lien statute"); *Shelley Constr. Co. v. Sea Garden Homes, Inc.,* 287 S.C. 24, 27, 336 S.E.2d 488, 490 (Ct.App.1985) (stating mechanic's liens can only be "enforced in accordance with the conditions of the statute creating them"); *Clo–Car Trucking Co. v. Clifflure Estates of S.C., Inc.,* 282 S.C. 573, 576, 320 S.E.2d 51, 53 (Ct.App.1984) (stating the court is "not at liberty to depart from the plain meaning of [the] language" contained in the mechanic's lien statute).

As a matter of law, Enterprise Bank cannot be liable for money judgments because the respondents had no contractual relationship with Enterprise Bank or any other right to recover damages. *See Arnet Lewis Constr. Co., Inc. v. Smith–Williams & Assocs., Inc.,* 269 S.C. 143, 151, 236 S.E.2d 742, 746 (1977) (allowing a party that brought an action to foreclose

a mechanic's lien to recover a judgment based upon a contract cause of action because the complaint stated "facts sufficient to constitute a [contract] cause of action"). Rather, the exclusive remedy available to the respondents against Enterprise Bank is foreclosure of their mechanic's liens. *See* S.C.Code Ann. § 29–5–260 (2007) (stating when the master determines a valid and enforceable mechanic's lien exists, it "shall order a sale of the property"); *Sentry Eng'g & Constr., Inc. v. Mariner's Cay Dev. Corp.*, 287 S.C. 346, 353, 338 S.E.2d 631, 635 (1985) (stating "the mechanic's lien statute may not be used as a vehicle for collecting damages for breach of contract"). We find the master erred by awarding money judgments instead of ordering foreclosure.

■ Furthermore, it is the function of the master, not the appellate courts, to determine whether foreclosure is appropriate and, if so, to order it. Enterprise Bank raises eleven issues on appeal with multiple subparts, each containing separate arguments that the master committed error. We find it appropriate to remand for the master to reconsider the parties' arguments as to all disputed issues and make the necessary findings of fact and conclusions of law on the record before deciding whether to order foreclosure.

■ The respondents assert "foreclosure is no longer an issue" on remand because Enterprise Bank issued a bond that substituted for the real property involved in this lawsuit pursuant to South Carolina Code section 29–5–110 (2007). Under section 29–5–110, an owner of property may "secure the discharge of such property from [a mechanic's] lien" by filing a surety bond, which "take[s] the place of the property . . . and shall be subject to the lien." However, neither the record nor the respondents' petition for rehearing support the respondents' assertion—that Enterprise Bank's bond substituted for the real property under section 29–5–110. Rather, the record indicates Enterprise Bank's bond served to stay execution of the money judgments under South Carolina Code subsection 18–9–130(A)(1) (2014). Thus, the stay granted under this subsection affects only the money judgments that we find were improperly ordered, *not* the foreclosure action.

Even if Enterprise Bank's bond was effective under section 29–5–110, the foreclosure action must still proceed on remand

as ordered. The effect of a bond under section 29–5–110 is that the debt owed to the respondents would be paid out of the bond—and it would not be necessary to proceed with the actual sale of the property at a foreclosure sale. However, a section 29–5–110 bond has no effect on the law that applies. *See* 56 C.J.S. *Mechanics' Liens* § 299 (2009) ("The giving of a bond to discharge property from a mechanic's lien ... does not change the lien claimant's burden to prove he or she is entitled to payment under the mechanic's lien law."); Am. Jur.2d *Mechanics' Liens* § 307 (2007) ("To enforce a bond discharging a mechanic's lien from property, the lienor must establish his or her rights both to the lien and foreclosure thereof."). The respondents' right to receive payment under the bond—as opposed to receive the property itself in foreclosure—is still dependent upon the merits of the issues related to foreclosure of their mechanic's liens. *See* 53 Am.Jur.2d *Mechanics' Liens* § 308 (2007) ("If there is no right to foreclosure because the right to a lien is not established, there is no right to recover against the surety on the bond."). Thus, unless the respondents can demonstrate they were entitled to foreclosure of their mechanics liens, they are not entitled to receive the proceeds of the bond.

We find the master erred in awarding money judgments on the respondents' foreclosure claims. Thus, the order of the master is

**VACATED and REMANDED.**

GEATHERS, J., concurs.

SHORT, J., concurring in part and dissenting in part.

I concur in part and dissent in part. I concur with the majority that as a matter of law, Enterprise Bank cannot be liable for a money judgment because Respondents had no contractual relationship with Enterprise Bank or any other right to recover damages. I also agree the exclusive remedy available to Respondents against Enterprise Bank is foreclosure of their mechanic's liens. Therefore, the master erred by awarding money judgments instead of ordering foreclosure.

I find the master correctly determined Respondents' mechanic's liens were filed in accordance with South Carolina

law, and the master correctly determined the amounts due to Respondents at that time under the mechanic's liens. The master also found Respondents established both its right to the lien and foreclosure thereof. I dissent because I disagree with the majority's finding that the entire foreclosure action must still proceed on remand. I would remand the case for the master to determine the amounts now due to Respondents and to take appropriate action to proceed with foreclosure on the property, primarily to determine the validity of Defendant Penza's mortgage on Tract B.