**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

Vision Contracting, LLC, Respondent,

v.

Rosiland Geter, Appellant.

Appellate Case No. 2014-002584

Appeal From Spartanburg County
Gordon G. Cooper, Master-in-Equity

Unpublished Opinion No. 2016-UP-200
Submitted February 1, 2016 – Filed May 11, 2016

**AFFIRMED**

Thomas Alexander Belenchia and Thomas Camden
Shealy, of A Business Law Firm, of Spartanburg, for
Appellant.

George Brandt, III, of Henderson Brandt & Vieth, PA, of
Spartanburg, for Respondent.

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following
authorities: *Cohen's Drywall Co. v. Sea Spray Homes, LLC*, 374 S.C. 195, 198,
648 S.E.2d 598, 599 (2007) ("The foreclosure of a mechanics' lien is an action at
law."); *id.* at 198, 648 S.E.2d at 599-600 ("In an action at law, tried without a jury,

an appellate court will not disturb the trial court's findings of fact unless they are wholly unsupported by the evidence or unless it clearly appears the findings are controlled by an error of law."); *Ferguson Fire & Fabrication, Inc. v. Preferred Fire Prot., L.L.C.*, 409 S.C. 331, 343, 762 S.E.2d 561, 567 (2014) ("We are not at liberty, under the guise of construction, to alter the plain language of [a] statute by adding words which the Legislature saw fit not to include." (alteration in original) (quoting *Shelley Constr. Co. v. Sea Garden Homes, Inc.*, 287 S.C. 24, 28, 336 S.E.2d 488, 491 (Ct. App. 1985))); *id.* ("Our duty is to apply the statute according to its own terms." (quoting *Shelley Constr.*, 287 S.C. at 29, 336 S.E.2d at 491)); *Preferred Sav. & Loan Ass'n v. Royal Garden Resort*, 301 S.C. 1, 3, 389 S.E.2d 853, 854 (1990) ("A mechanic's lien arises, inchoate, when labor is performed or material furnished."); *Ferguson Fire*, 409 S.C. at 340, 762 S.E.2d at 565 ("In South Carolina, mechanics' liens are purely statutory and may be acquired and enforced only in accordance with the terms and conditions set forth in the statutes creating them."); *Butler Contracting, Inc. v. Court St., LLC*, 369 S.C. 121, 130, 631 S.E.2d 252, 257 (2006) ("A mechanic's lien is purely statutory.  Therefore, the requirements of the statute must be strictly followed."); S.C. Code Ann. § 29-5-90 (2007) ("[A] lien shall be dissolved unless the person desiring to avail himself thereof, within ninety days after he ceases to labor on . . . such building or structure, serves upon the owner . . . and files in the office of the register of deeds . . . of the county in which the building or structure is situated a statement of a just and true account of the amount due him, with all just credits given, together with a description of the property intended to be covered by the lien sufficiently accurate for identification, with the name of the owner of the property . . . ."); S.C. Code Ann. § 29-5-120(A) (Supp. 2015) ("Unless a suit for enforcing the lien is commenced and notice of pendency of the action is filed within six months after the person desiring to avail himself of it ceases to labor on or furnish labor or material for the building or structure, the lien must be dissolved."); *Butler*, 369 S.C. at 129, 631 S.E.2d at 256 ("[I]f [a contractor] fails to take any one of these steps, the lien against the property is dissolved pursuant to Sections 29-5-90 and 25-9-120.").

**AFFIRMED.**[1]

**WILLIAMS, LOCKEMY, and MCDONALD, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.